**Thomas J. SAUNDERS, Plaintiff,**

v.

**VIRGINIA POLYTECHNIC INSTITUTE, Defendant.**

**Civ. A. No. 69–C–102–R.**

United States District Court
W. D. Virginia,.
Roanoke Division.

Sept. 12, 1969.

Robert P. Dwoskin, Roanoke, Va., for plaintiff.

Richard Harris, Asst. Atty. Gen., Richmond, Va., for defendant.

## OPINION and JUDGMENT

DALTON, Chief Judge.

Upon consideration of the record in this case, the court observes that it has read the views of the plaintiff's attorney in support of the petition for a preliminary injunction. The court has reviewed the record and has listened attentively to the evidence that has been produced. Usually in a case of this importance the court prefers filing an exhaustive written opinion, but time is of the essence here, because colleges are opening here within a few days. The Institute opens within a few days and other colleges and universities in the near future. This case is important because it has far-reaching consequences, in that it deals with the education of one of our citizens who alleges that he has not been granted constitutional privileges in the pursuit of his education and in the pursuit of happiness. On the other hand, the Institute responds that it has acted properly and within its authority.

The issue presented to the court is really not a broad one, as the court views it, but a rather narrow issue. It seems to turn or hinge somewhat upon the words "matriculated student." We do not construe the plaintiff's attorney's position as being limited to that, because in his brief he sets forth four specific grounds upon which he insists that the court should grant the restraining order and permit his client to return to Virginia Polytechnic Institute at the beginning of the 1969–1970 session.

The court cannot grant the injunctive relief prayed for by the plaintiff's attorney, and here are the reasons:

One is, we are living in a—under a government of laws and belief in constituted authority. If the authorities at VPI acting under resolution of the Board of Visitors do not have authority to promulgate rules and regulations for the running of the college, then it would be a haphazard situation. Here the VPI Board of Visitors, motivated somewhat by the action of the University Council (As set forth in the letter of the Secretary of the Council to the President of VPI, dated September 9, 1968), VPI promoted and promulgated (The Board of Visitors did), a paper dated September 9, 1968, setting forth the procedures to be observed in the event of disruptive activities on the campus. The evidence is clearly to the effect that the plaintiff himself was given notice (as well as other students) of these regulations by a letter from Doctor Dean dated September 23, 1968, which is filed as an exhibit with the record. That was notice number one.

In addition to that, according to the Exhibit 7 of Defendant, Doctor Dean, Vice-President for Student Affairs, wrote Doctor Lacy and summarized the basis for the decision not to admit the

plaintiff, and he defined him as a non-matriculated student, and he called attention that in addition to the notice letter of September 23, 1968, that notice was again given to the plaintiff on June 6, 1969, and again orally on June the 7th, 1969, between the hours of 10:15 and 10:30 a. m. when Mr. Saunders was actively participating in the demonstration, and Saunders' attention was called to the fact that he was not a matriculated student, and plaintiff was politely asked to refrain from the participation and act only as a spectator. The plaintiff declined to step out of the parade where participants were carrying signs and sticks. Thus Saunders was in violation in these three instances of the notice that was given to him.

■■ If the case should turn upon the question of whether he was a matriculated student then the court holds that he was not a matriculated student. The court cannot understand why anything is complicated about that, because just the plain, simple English language would let anyone know that a matriculated student was not one who had resigned and who had applied for and was waiting to be granted re-admission to another later term at VPI and was not in school at that time. A matriculated student simply means one that is going to school at the time, and I don't see how it could be construed to mean otherwise. It is true that the plaintiff felt a moral conviction, that he was in the same position of one who was a student in that he had access to the library, the research facilities and was a part of the college community. But to the court it would be stretching one's imagination to consider him as a "matriculated student." On that basis the court finds that Saunders was advised of the position that he was taking and plaintiff went into the demonstration with his eyes open. The court takes the position that it is the duty of the court to uphold the constituted authorities of VPI and that is the court's determination of this case.

The court does have some few further thoughts. One is that at the meeting in Doctor Hahn's office of August the 20th, (the conference with other representatives of the faculty who were present) the plaintiff had a full and complete hearing, and there Saunders was presented with the charge of what he had done to violate the rules and regulations and even by plaintiff's own admission it was a violation, except that plaintiff construed that he was a matriculated student and that it did not apply to him. Really, there is no dispute here about the facts of what happened. Those are my views and the court denied the relief prayed for. The court denies any claim for damages and shall dismiss the case, giving of course, to the plaintiff the right which he has of an appeal.

Before ending I want to make a suggestion that we should be interested in the education of this bright young man, and I would hope that instead of reconsidering his application in May of 1970, that at the beginning of the second semester further consideration should be given to his plight. At Madison College a few days ago we had a case that involved readmission of a student who was not complying with the rules and regulations of the College, and we worked out a very desirable program for his readmission later on, and we entered into a stipulation which the parties agreed to, and which ran something like this: (1) The student must abide by all reasonable rules and regulations of the college as to dress, appearance and behavior. (2) The student must adopt and maintain a spirit of co-operation with the authorities of the college. This does not indicate that valid, reasonable requests or criticism is prohibited. (3) The total conduct of the plaintiff shall be such that his continued presence in school will not be disruptive to proper discipline at the college. (4) The plaintiff should be motivated by a desire to complete his education and to be a loyal student of the college and not a campus agitator. (5) The plaintiff must refrain from any objectionable activities which to the college authorities or the court

are deemed detrimental to the welfare of the college and student body.

As I say, that is perhaps going beyond the court's province, but I do have the feeling that if they can, in their wisdom, work out a plan for his earlier consideration, (and I think he should have some punishment for his failure to comply) and if he comes back in a mood of compliance, (and that is essential) then the quicker he gets back on the course of his education the better.

Those are my views, and I see no good purpose in entering into discussions about demonstrations, parades and philosophy or government. Here was a case in which the constituted authorities decreed, and the decree was violated, and they have exercised a certain punishment, if you will, for that violation, and that is in effect, and the court is not changing it, but the court does suggest that reconsideration be given for entry to VPI in the second semester, if VPI agrees that it can properly do so under the conditions outlined.

The motion for injunction is denied, and plaintiff's action is dismissed.

### ADDENDA

Supplementing the foregoing oral pronouncement at the conclusion of the hearing, the court desires to add the following:

█ (1) It is the intention of the court by this decision to find that the actions of VPI in adopting and carrying out the rule or regulation as to "non-matriculated" students demonstrating on the VPI properties is valid and does not violate the constitutional rights of plaintiff or others similarly situated.

█ (2) The court also holds that the ROTC commissioning exercises were a part of the educational functions of VPI, and the adopted rules (Procedures To Be Observed In The Event Disruptive Activities Develop On Campus—as adopted by the Board of Visitors of the Virginia Polytechnic Institute on August 19, 1968), covering any and all campus demonstrations connected with

or physically taking place on VPI properties were within constitutional standards.

(3) Counsel for plaintiff has indicated a desire for a prompt appeal to the Court of Appeals for the 4th Circuit. There will be some delay in transcribing the record by reason of prior commitments of the Court Reporter, but this Court is of the opinion and so certifies that the present record sets forth fully and clearly the issues involved, and it is the view of the District Court that the facts set forth in the record are not in controversy, and that all matters essential to the decision of the questions presented are set forth in the record.